FILED
MAY 2 1 2007
5-21-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELLEN STEFANTIS, PETE MARTINEZ, and DAVID DEFINA, Plaintiffs, v. OFFICERS J. GIBBELINA STAR #4506, M. HAMIDEH STAR #13312, and THE CITY OF CHICAGO, Defendants. | 07CV2827 JUDGE ASPEN MAGISTRATE JUDGE VALDEZ Jury Demand |

## COMPLAINT

### COUNT I - ILLEGAL SEARCH

### JURISDICTION AND VENUE

1. This Court has jurisdiction based on 28 U.S.C. §§1331 and 1343(a) because the case raises federal constitutional issues.

2. The Court has supplementary jurisdiction over substantially related state claims based on 28 U.S.C. 1367(a).

3. This is an appropriate venue because all of the alleged acts occurred within the Northern District of Illinois and all of the parties reside within the Northern District of Illinois.

4. This action is brought pursuant to 42 U.S.C. §1983 for violations of Plaintiff's

constitutional rights under the Fourth Amendment as incorporated and applied to state governments through the Fourteenth Amendment to the United States Constitution.

## PARTIES

5. Plaintiffs are citizens of the United States and residents of Chicago, Illinois.

6. Defendants, Gibbelina and Hamideh, were on duty and acting under color of state law at all times relevant to this Complaint.

7. The City of Chicago is a municipality organized under the laws of the State of Illinois and it is the employer of Defendants Gibbelina and Hamideh.

## THE FOURTH AMENDMENT VIOLATION

8. On August 20, 2006, Plaintiffs were in a bar located at 2733 N. Marmora, Chicago, IL.

9. The Defendants did not have a search warrant for any of the Plaintiffs or for the bar.

10. The Defendants did not have an arrest warrant for any of the Plaintiffs on August 20, 2006.

11. The Defendants did not witness any of the Plaintiffs breaking any city, county, state, and/or federal law at 2733 N. Marmora, Chicago, IL.

12. The Defendants did not have consent to search any of the Plaintiffs on August 20, 2006, nor did they have consent to search Plaintiff Martinez's upstairs apartment.

13. On August 20, 2006, the Defendants illegally stopped the Plaintiffs and searched all of the Plaintiffs.

14. Defendants, both male officers, forced Plaintiff Ellen Stefantis to lift her blouse and lower her pants in full view of the other patrons at the bar, when defendants performed their illegal search of Ms. Stefantis.

15. The Defendants proceeded to verbally threaten and curse at the Plaintiffs.

16. The Defendant officers detained the Plaintiffs in violation of their rights under the Fourth Amendment.

17. As a direct and proximate result of the unconstitutional detention, the Plaintiffs suffered actual harm.

WHEREFORE, Plaintiffs prays this Court will award them actual and punitive damages as well as costs and reasonable attorney's fees against the defendants.

## COUNT II - FALSE ARREST OF PLAINTIFF PETE MARTINEZ

1. The Defendants, Gibbelina and Hamideh, wrote false and misleading police reports alleging that the Plaintiff Martinez possessed narcotics on August 20, 2006.

2. Ultimately the Cook County State's Attorney's Office dismissed all charges arising from the arrest of August 20, 2006 (Case Number 06 CR 2102401).

3. As a direct and proximate result of the unconstitutional conduct of the Defendant officers, Plaintiff Martinez suffered actual harm.

Wherefore, Plaintiff prays this Honorable Court award him actual and punitive damages as well as costs and reasonable attorneys fees against the defendants.

## COUNT III - STATE MALICIOUS PROSECUTION

1-17. Plaintiff re-alleges paragraphs 1-17 of Counts I and II as paragraphs 1-17 of

Count III.

18. Defendant officers wrote false and misleading police reports regarding the arrest of plaintiff Martinez, including but not limited to stating that they witnessed the plaintiff possess narcotics at 2733 N. Marmora on August 20, 2006.

19. Defendants knew their false police reports would be relied on by superior officers and Assistant State's Attorneys to determine charges against the plaintiff.

20. Based on the defendants' false reports, plaintiff was charged under case number 06 CR 2102401 with possession of narcotics.

21. On March 27, 2007, in case number 06 CR2102401 all of the charges were dismissed.

22. Plaintiff is innocent of the charged offenses.

WHEREFORE, Plaintiff prays this Court will award him actual and punitive damages as well as costs and reasonable attorney's fees against the defendants for his false arrest.

## COUNT IV - STATUTORY INDEMNIFICATION

1-22. Plaintiff re-alleges paragraphs 1-22 of Counts I, II, and III as paragraphs 1-22 of Count IV.

23. At all relevant times 745 ILCS 10/9-102 was in full force and effect.

24. The defendant officers were acting under color of state law and as employees of the City of Chicago.

WHEREFORE, Plaintiff prays the Court will award him actual damages and costs against the City of Chicago.

Respectfully Submitted,

_____
THOMAS PETERS
KEVIN PETERS
Attorneys for Plaintiff
407 S. Dearborn, Suite 1675
Chicago, Illinois 60605
312-697-0022