IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____

| | |
|---|---|
| ELLEN STEFANTIS, PETE MARTINEZ, and DAVID DEFINA, | ) ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 07 C 2827 |
| | ) |
| OFFICERS J. GIBBELINA STAR #4506, M. HAMIDEH STAR #13312, and THE CITY OF CHICAGO, | ) ) Judge Marvin Aspen ) |
| Defendants. | ) Jury Demand |

_____

### MOTION TO AMEND COMPLAINT BY SUBSTITUTING IN AMANDA MARTINEZ FOR HER DECEASED FATHER PETER MARTINEZ

The Plaintiffs, Ellen Stefantis and David DeFina, by and through their attorneys, Thomas Peters and Kevin Peters, respectfully request to substitute in Amanda Martinez for her deceased father, Pete Martinez. In support thereof the Plaintiffs state:

1. This case was originally filed on May 21, 2007.

2. The Plaintiffs in the original complaint were Ellen Stefantis, Pete (Pedro) Martinez, and David DeFina.

3. On November 15, 2007, Pete (Pedro) Martinez died.

4. On or about November 30, 2007, counsel for Plaintiffs learned of Mr. Martinez's death.

5. Within days of learning of Mr. Martinez's death, counsel for Plaintiff informed

1

counsel for the Defendants of the death.

6. At the time of Pete Martinez's death, counsel for Plaintiffs were not aware whether Mr. Martinez had any surviving children, did not know whether Mr. Martinez had a surviving spouse, and did not know whether Mr. Martinez had a will.

7. On December 24, 2007, counsel for the Defendants filed a Suggestion of Death on the Record.

8. In late December, 2007 a person contacted counsel for the Plaintiffs and informed counsel that she was one of three surviving children of Mr. Martinez.

9. On December 27, 2007, counsel for Plaintiff informed this court of Mr. Martinez's death and that an estate was going to be established. Plaintiff's counsel also informed the parties that several months would be needed to open that estate. No one objected and the case was continued for status.

10. Plaintiffs' counsel in this case then retained private counsel, experienced in Illinois probate law, to determine how to proceed with Mr. Martinez's estate.

11. The estate attorney first attended court on the probate matter on January 22, 2008.

12. The estate attorney attended court proceedings on the probate matter several times between January 22, 2008, and April 22, 2008.

13. During appearances before this Honorable Court in January and in March, 2008, Plaintiff's counsel again informed the parties that an estate was in the process of being opened. No one objected and no deadline was set for filing a substitution of parties.

14. On April 22, 2008, Amanda Martinez, the oldest of three surviving children, was issued Letters of Office in her father, Pete (Pedro) Martinez's estate.

15. No person could legally have been substituted for Pete (Pedro) Martinez until an Illinois court issued the Letters of Office on April 22, 2008.

16. Ninety days from the suggestion of death on the record for Pete (Pedro) Martinez was March 23, 2008. Therefore, it was not possible to substitute the administrator of the estate for the deceased party within the time allotted by Rule 25.

17. Plaintiffs' counsel, moreover, had informed the court and the parties of the delay inherent in opening the estate and, no one objected to the delay in substitution. This case was set for status in March, 2008, related to the progress of the state probate case.

18. Discovery is not set to close on this case until November 30, 2008, and Defendants have not been harmed by the inevitable delay involved in opening the estate. Nor will Defendants suffer any harm if this motion is granted.

19. Defense counsel has a transcript of an interview of Mr. Martinez by a member of the Chicago Police Department's Internal Affairs Division regarding the allegations in this complaint.

20. Also, defense counsel has a copy of the transcript of People vs. Pete Martinez, 06 CR 21024. From those transcripts, defense counsel has a clear understanding of the facts as related by Martinez to a CPD investigator and from the other two Plaintiffs who testified at the criminal trial.

21. Pursuant to Federal Rule 25 of the Federal Rules of Civil Procedure this court may extend the 90 day limit of Rule 26 to substitute a party after the suggestion of death has been made and such extensions are to be liberally granted. Continental Bank v. Meyer, 10 F.3d 1293, 1297 (7th Cir. 1993)

22. With that in mind, Plaintiffs' counsel informed the Court of the delays inherent in establishing the estate months ago and the case was continued for status on that issue. Thus, Plaintiffs' counsel reasonably believed that the Court would allow for a substitution after the estate was opened.

23. On July 3, 2008, Defense counsel filed a motion to dismiss (Doc. No. 30) all claims by Pete (Pedro) Martinez and cited Federal Rule Civil Procedure 25(a). That motion was noticed for a hearing on July 8, 2008. However, before the noticed date, the City's counsel advised Plaintiff's counsel that a briefing schedule would be set by mail, and no appearance was necessary.

24. Federal Rule 25(a) sets a 90 day limit to substitute in a party once that parties death is suggested on the record.

WHEREFORE, Plaintiffs respectfully requests this Honorable Court grant their motion to amend the complaint and substitute in Amanda Martinez for her father Pete (Pedro) Martinez.

Respectfully submitted,

S/ Thomas Peters
THOMAS PETERS
KEVIN PETERS
ATTORNEY FOR PLAINTIFFS
407 S. Dearborn St., Suite 1675
Chicago, IL 60605
(312) 697-0022