**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ELLEN STEFANTIS, PETE MARTINEZ, )
and DAVID DEFINA, )
                                         )
        Plaintiffs, )
                                         )     No. 07 C 2827
        v. )
                                         )     Judge Marvin E. Aspen
OFFICERS J. GIBBELINA STAR #4506, )
M. HAMIDEH STAR #13312, )
and THE CITY OF CHICAGO, )
                                         )
        Defendants. )

**MEMORANDUM OPINION AND ORDER**

Presently before us is Plaintiff's Motion to Amend Complaint and Substitute Amanda

Martinez for her Deceased Father Pete (Pedro) Martinez.  Pete Martinez ("Plaintiff"), along with

Ellen Stefantis and David Defina, filed this civil rights case on May 21, 2007 against Officers J.

Gibbelina and M. Hamideh and the City of Chicago (collectively, the "Defendants"). Plaintiff

died on November 15, 2007, and his counsel, Thomas Peters ("Peters"), learned of his death

about a month thereafter, but was unaware whether he had any surviving children.  On December

24, 2007, Defendants filed a Suggestion of Death.  Also in late December, Peters was contacted

by one of Plaintiff's surviving children.

During a status hearing on December 27, 2007, Peters informed us of Plaintiff's death

and his intention to set up an estate and to have someone appointed as an executor.  (Resp. Ex. A

at 2).  Peters was unsure how long that process would take but planned to develop a timetable at

the beginning of 2008.  (*Id.*).  We held another status hearing on March 4, 2008, during which

Peters informed us that an estate had been opened and that an administrator would be appointed

1

by April 9, 2008. (Resp. Ex. B at 3). We decided that all discovery would close November 30, 2008, and set our next status hearing for December 16, 2008. (*Id.* at 4). Afterwards, it appears that the parties exchanged discovery requests in March and April 2008, that Peters sent at least one settlement letter to Defendants in May 2008, that Plaintiff filed Rule 26(a)(1) disclosures in June 2008, and that Peters sent Defendants written notice of the case number for Plaintiff's estate in June 2008. (Reply at 2-3).

Amanda Martinez was appointed executor of the estate on April 22, 2008. On July 3, 2008, Defendants moved to dismiss Plaintiff's claim pursuant to Rule 25(a)(1). They argued that because they had filed a Suggestion of Death on December 24, 2007, Plaintiff's 90-day time period to file a motion for substitution had expired. We granted Defendants' motion on July 14, 2008. On July 16, 2008, Plaintiff filed the present motion.

Rule 25(a)(1) states that when a party dies, "[a] motion for substitution may be made by any party of by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). While the language of the 90-day requirement "is couched in mandatory terms," it may be extended by Rule 6(b) if a party can demonstrate "excusable neglect." *Cont'l Bank v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993). This is because "'[t]he history of Rule 25(a) and Rule 6(b) makes it clear that the 90 day time period was not intended to act as a bar to otherwise meritorious actions, and extension of the period may be liberally granted.'" *Id.* (quoting *Tatterson v. Koppers Co.*, 104 F.R.D. 19, 20 (W.D. Pa. 1984)). Additionally, a district court's extension of time beyond the 90 days is reviewed for abuse of discretion. *See Russell v. City of Milwaukee*, 338 F.3d 662, 6678 (7th Cir. 2003). Because

Plaintiff did not file a Motion to Substitute until July 16, 2008[1], 115-days late, we must

determine whether there was "excusable neglect."

We find that Plaintiff has shown excusable neglect. First, Amanda Martinez was not

appointed administrator of Plaintiff's estate until April 22, 2008. *See Tatterson*, 104 F.R.D. at

20-21 (extending 90-day limit because of delays in appointing the executor of the decedent's

estate). Defendants argue that even taking into account the estate's delays, Plaintiff's

substitution motion was still 85 days late. However, given that we may grant extensions

liberally, *see Cont'l Bank*, 10 F.3d at 1297, and that Plaintiff has shown that the parties engaged

in various correspondence from March 2008 through June 2008, we find the evidence sufficient

to demonstrate that Plaintiff had a reasonable belief that Amanda Martinez would be substituted

without objection. *See Cont'l Bank*, 10 F.3d at 1297 (affirming district court's decision to

excuse an eight-month delay because after the plaintiff's death, his attorneys "continued to file

papers on his behalf and continued to participate in settlement discussion on his behalf, [which]

"created a reasonable belief . . . that [his] estate would be substituted without objection").

Therefore, we find that Plaintiff has demonstrated "excusable neglect."

While Defendants claim that this case is analogous to *Russell v. City of Milwaukee*, 338

F.3d 662 (7th Cir. 2003), we find that case distinguishable. In *Russell*, the court denied the

plaintiff's Motion to Substitute, which was filed 16 days late, because it found no excusable

neglect. However, in that case counsel knew he needed to file a substitution, had stipulated to a

---

[1] As an initial matter, Defendants argue that Plaintiff's current motion is procedurally improper because it fails to request an extension of time under Rule 6(b). However, examining Plaintiff's motion, we find that it is reasonable to infer that he is seeking both an extension of time and to substitute in Amanda Martinez because he requests her substitution while acknowledging that the 90-day time period has expired. (*See* Mot. at 3).

briefing schedule requiring him to file by a certain date, and proffered no excuse other than being "unintentionally derelict." *Id.* at 668. Here, we never established a briefing schedule, and Plaintiff's counsel offered a more substantive reason for his delay.

Furthermore, we find that Defendants are not prejudiced by the delay. As mentioned above, the delay did not appear to interfere with the progression of the case. Not only do the Defendants have a transcript of Plaintiff's interview with the Chicago Police Department Internal Affairs Division before his death, but the parties continued to correspond and exchange discovery during the delay.

For the reasons set forth above, we grant Plaintiff's Motion to Amend Complaint by Substituting Amanda Martinez for her Deceased Father Pete (Pedro) Martinez. It is so ordered.


MARVIN E. ASPEN
United States District Judge

Date: August 21, 2008